UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

FILED
08 JUL 14 AM 10:45
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No._____ |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION OF |
| ) | |
| v. ) | Title 8, U.S.C., Section 1326 |
| ) | Attempted Entry After |
| Andres Alonso MURILLO-Acosta ) | Deportation |
| AKA: Andres Alonso MURILLO-Higera, ) | |
| ) | **'08 MJ 2140** |
| Defendant. ) | |

The undersigned complainant being duly sworn states:

On or about **July 11, 2008**, within the Southern District of California, defendant **Andres Alonso MURILLO-Acosta AKA: Andres Alonso MURILLO-Higera**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

_____
SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 14th DAY OF JULY, 2008.

_____
UNITED STATES MAGISTRATE JUDGE
**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**

## PROBABLE CAUSE STATEMENT

I, United States Customs and Border Protection (CBP) Enforcement Officer Fernando Cerda, declare under penalty of perjury the following to be true and correct:

On July 11, 2008, at approximately 7:13 AM, **Andres Alonso MURILLO-Acosta AKA: Andres Alonso MURILLO-Higera (Defendant)** made application for admission into the United States at the San Ysidro Port of Entry via pedestrian. Defendant presented his B1/B2 Visa and Border Crossing Card (DSP-150) as his entry document. Upon inspection before a Customs and Border Protection (CBP) Officer, Defendant gave a negative Customs declaration and claimed he was going shopping to Chula Vista, California. The Officer queried the DSP-150 visa on primary and received a computer generated referral; subsequently, he escorted Defendant to secondary for further inspection.

In secondary, Defendant's fingerprints were obtained and queried utilizing the Integrated Automated Fingerprint Identification System (IAFIS) verifying Defendant's identity. Defendant was identified as an alien previously removed from the United States.

Further queries using the Immigration Central Index System (CIS) and the Deportable Alien Control System (DACS) confirmed Defendant to be a citizen of Mexico with no legal documents to enter the United States. DACS indicates that on or about October 16, 2002 an Immigration Judge ordered Defendant deported from the United States and Defendant was subsequently removed to Mexico. DACS further shows Defendant was last removed from the United States to Mexico on or about July 3, 2008. Immigration service records contain no evidence that Defendant has applied for, nor received permission from the Attorney General of the United States, or his designated successor, the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a videotaped interview, Defendant was advised of his Miranda rights and agreed to answer questions without the benefit of counsel. Defendant declared to be a citizen of Mexico by virtue of birth in Mexicali, Baja California, Mexico who has no entitlement to entry, passage or residency in the U.S. Defendant admitted he has been formally removed from the U.S. on two prior occasions. Defendant acknowledged that he is deported under an alias because he attempted to disguise his true identity. Defendant went on to say that he has not applied for nor received authorization to re-enter the U.S. Defendant admitted not having surrendered his DSP-150 after his deportation and knows he is no longer entitled to it. Defendant said he intended to travel to Idaho.

EXECUTED ON THIS 11th DAY OF JULY 2008 AT 4:00 PM.

_CBP #7238_

Fernando Cerda / CBP Enforcement Officer

On the basis of the facts presented in the Probable Cause Statement consisting of 1 page, I find probable cause to believe that the defendant named therein committed the offense on July 11th, 2008 in violation of Title 8, United States Code, Section 1326.

MAGISTRATE JUDGE                                    7/12/08 @ 9:33 am
                                                    DATE / TIME

**CATHY ANN BENCIVENGO**
**U.S. MAGISTRATE JUDGE**